IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                            CASE NO. 13-40021

LAQUAN D. HAYNES                                                                            DEFENDANT

## ORDER

Ms Teresa Bloodman appeared before the Court today in response to the Court's Show Cause Order directing her to appear and show cause why she should not be sanctioned for her failure to comply with prior orders of this Court regarding return of discovery materials to the Government. The Court heard from Ms. Bloodman today as well as counsel for the Government and makes the following findings:

1. On January 31, 2014, the Court conducted a hearing regarding Ms. Bloodman's motion to withdraw as counsel. The Court granted the motion to withdraw and orally directed Ms. Bloodman to return the discovery materials to the Government *as soon as possible*. A written order directing Ms. Bloodman to return all discovery materials received to the Government was entered this same day. ECF No. 49.

2. Ms. Bloodman did not return the discovery materials as directed by the Court over the next 20 days. The Court then entered a second order directing Ms. Bloodman to return all discovery materials no later than 12:00 p.m. February 27, 2014. ECF No. 51. Because Ms. Bloodman was no longer the attorney of record, the Clerk's office physically mailed a copy of this Order to Ms. Bloodman.

3. Ms. Bloodman still did not return the discovery materials as ordered and the Court thereafter entered its Show Cause Order. ECF No. 53.

4. Ms. Bloodman did return the discovery materials to the Government on or about March

6, 2014.

5. Ms. Bloodman did proffer reasons[1] for her failure to comply with the Court's prior orders in this matter. While not excusing the failure to comply, the reasons offered by Ms. Bloodman, do indicate her actions were not done in bad faith, but rather were the result of negligence and inattentiveness.

6. While the Government was not ultimately prejudiced here, Ms. Bloodman's actions and inactions did cause Counsel for the government to expend time unnecessarily in this matter. Accordingly, the Court finds Ms. Bloodman should be taxed costs in this matter. The Court finds the Government reasonably expended two hours of attorney time in attending to this discovery matter. The Court therefore taxes, as costs, against Ms. Bloodman, two hours of attorney time at the rate normally paid court appointed counsel under the Criminal Justice Act, namely, $125.00 per hour.

**IT IS THEREFORE ORDERED** Ms. Bloodman is directed to pay to the United States Department of Justice the sum of Two Hundred Fifty and 00/100 Dollars ($250.00). This payment should be directed to the Office of the United States Attorney for the Western District of Arkansas, 414 Parker Avenue, Fort Smith, Arkansas 72901. **This payment shall be made on or before 5:00 p.m. March 31, 2014.**

The Clerk is directed to email and mail a copy of this Order to Ms. Bloodman's last known email address and physical address.

**DATED** this **18th day of March 2014.**

/s/ Barry A. Bryant
HONORABLE BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] The reasons proffered by Ms. Bloodman were, in part, personal in nature and will not be recited herein. The hearing was recorded and Ms. Bloodman's statement to the Court is available in the Court's record of electronic recordings of hearings.