IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

vs.                                    CASE NO. 13-40021

LAQUAN D. HAYNES                                                  DEFENDANT

## ORDER

**BEFORE** the Court is the Motion for Reconsideration filed herein by Ms. Teresa Bloodman. ECF No. 83.   The Motion asks the Court to reconsider its imposition of sanctions by ordering Ms. Bloodman to pay $250.00 in attorney's fees to the Government in this matter.   This Motion to Reconsider has been referred to the undersigned for decision.   Also before the Court are Ms. Bloodman's Objections to Order Directing Payment of Costs.   ECF No. 88.

## A.  Background

On January 31, 2014, the Court conducted a hearing regarding Ms. Bloodman's Motion to Withdraw as counsel.   ECF No. 47.   During the *ex parte* portion of the hearing, Ms. Bloodman, without prompting from the Court, offered to return all discovery materials provided her to the United States Attorney's Office if she were allowed to withdraw.   The Court granted her Motion to Withdraw and orally directed Ms. Bloodman to return the discovery materials to the Government *as soon as possible*.   The Court asked Ms. Bloodman if she had any "questions or concerns" about the procedure discussed.   Ms. Bloodman replied "No your honor."

That same day, January 31, 2014, the Court entered an written order stating "Ms. Bloodman is directed to turn over to the United States Attorney's Office any and all discovery material previously provided her by the Government."   ECF No. 49.   This written Order was delivered

-1-

electronically to Ms. Bloodman on the day it was entered.  *Id.*

Twenty days elapsed, and at a hearing regarding appointment of new counsel for the Defendant, the Government informed the Court Ms. Bloodman had not yet returned any of the discovery material.  On February 20, 2014, the Court entered a second order directing Ms. Bloodman to return all discovery materials no later than 12:00 p.m. February 27, 2014.  ECF No. 51.  This Order stated, in part, as follows:

> IT IS THEREFORE ORDERED Ms. Teresa Bloodman, former counsel for defendant in this matter shall turn over any and all discovery materials received by her from the Government in this matter to Government's Counsel not later than 12:00 pm on Thursday February 27, 2014. Failure to comply with this Order may result in a Show Cause Order being entered and sanctions being imposed against counsel.

(Emphasis in Original).  Because Ms. Bloodman was no longer attorney of record, the Clerk's office physically mailed a copy of this Order Ms. Bloodman.

On March 3, 2014, the Court inquired of the Government regarding the status of the discovery being returned.  Counsel for the Government indicated he had still received no discovery or other communication from Ms. Bloodman.  The Court then entered its Show Cause Order.  ECF No. 53.  This Order set a hearing on March 7, 2014, to allow Ms. Bloodman an opportunity to show cause why she should not be sanctioned for her failure to comply with a Court Order.  The following day Ms. Bloodman filed a response to the Show Cause Order, denying any knowledge of her obligation to return the discovery materials up to the time she received a copy of the Show Cause order by email from the Court on March 3, 2014.  ECF No. 54, ¶¶ 2, 5 and 7.  Ms Bloodman also stated she had mailed the discovery materials, "as of this date" [March 4, 2014] to the Government "via priority overnight mail."

On March 6, 2014, Ms. Bloodman filed her Motion for Reconsideration.  ECF No. 63.  In

this Motion for Reconsideration, Ms. Bloodman again stated she was "unaware of this [the two orders to return discovery materials] and any other orders entered by the court, until receiving an email from the courtroom deputy on May [sic] 3, 2014." ECF No. 63, ¶ 3.  She stated the delivery of the discovery material was delayed by the UPS but had been delivered to the U.S. Attorney's office. ECF No. 63 ¶¶ 4-5.  Ms. Bloodman also stated she was "unaware of a specific date for return of the materials but did not willfully refuse, fail, disregard, or otherwise discount any order she was aware of." ECF No. 63 ¶ 6.  The Court granted this Motion, in part, to allow Ms. Bloodman to retain counsel, and reset the Hearing on the Show Cause Order to March 17, 2014.  ECF No. 65.

On March 17, 2014, the Court held a Show Cause Hearing.  ECF No. 82.  At this hearing Ms. Bloodman, apologized to the Court stating: "First I would like to apologize to the Court for not returning discovery until March the sixth, 2014."   She admitted she was aware of her obligation to return the discovery material on January 31, 2014, the day she was allowed to withdraw as counsel stating: "When we were here on January 31st on the motion to withdraw, counsel [Ms. Bloodman] did advise the Court that she would return the discovery as soon as possible."  Ms. Bloodman went on to explain to the Court what happened to her after the January 31 show cause hearing that "effected my [Ms. Bloodman's] 'as soon as possible.'"  She offered several reasons, including health problems, for her failure to comply.   She summarized by saying: "That's what caused me to not do the 'as soon as possible' was affected by as the court can see the pictures of how I looked and information in terms of dizziness and all that in those reports from the doctors."

Despite the Court advising her the Clerk had physically mailed the February 20 Order,  Ms. Bloodman continued to maintain she never received that Order.  She stated clearly she did not intend to convey in her responses to the Show Cause Order that she was unaware of her responsibilities in

-3-

this regard,  indeed she admitted she was aware of the Court's Order when she left the courtroom on January 31, 2014.  The following soliloquy occurred between the Court and Ms. Bloodman on this issue:

> **Court:** So you knew on January 31 that you were supposed to return that material as quickly as possible is that correct?
>
> **Ms. Bloodman:** Oh that's correct your honor, yes that's correct.
>
> **Court:** So, my question is why in these two responses that you filed here in early March did you say that you didn't know anything about your obligation until March 3?
>
> **Ms. Bloodman:** Your Honor, I don't think that is what I said, because if it read that way that's not correct, because, what I was saying in my motion was that I was unaware of the February 20 Order or any orders entered after the 31st.  Because I had been taken off of the ECF filing system. But I wasn't . . . I'm only referencing the February 20th order.
>
> **Court:** Your response to the Show Cause Order, paragraph 5 says: 'The undersigned, which is you,  was unaware of or unmindful of her actual obligation to return the discovery as indicated in the Court's order until the order was actually received.'  That's just not accurate.   You were mindful of your obligation to return this discovery on January 31st when you left the courthouse.
>
> **Ms. Bloodman:** Oh yes, your honor, my meaning for that is only in relation to the February 20th Order for a specific date, that's all.  Yes I was aware on January 31st that I said I would return it as soon as possible.
>
> **Court**: Not only that but I ordered you to return that material as soon as possible on January 31st, you were aware of that?
>
> **Ms. Bloodman**: Yes your honor.  I'm not denying that.  I am only referencing the specific date, or at least that is what my intent was, just saying I wasn't aware of the February 20th Order for the February 27th date.
>
> . . .
>
> **Court:** What you are telling me now is when you said that [in written responses] you were referring to your obligation to return this material by that date certain of February 27.

-4-

**Ms. Bloodman:** Yes your honor, that's all I was referencing, nothing else.

Ms. Bloodman returned the discovery materials to the Government on or about March 6, 2014.

Because she acknowledged she knew on January 31, 2014 of the obligation to return the discovery materials on January 31, her apology to the Court for any confusion, her statement she did not intend to disobey a court order, and her proffered medical excuses, the Court found her conduct not to be in bad faith. ECF No. 80. However, the Court determined Ms. Bloodman's actions had caused Government's Counsel to expend unnecessary time in this case, and Ordered her to pay the Government for efforts expended in resolving this matter, two hours of attorney time at the CJA hourly rate of $125.00 per hour, for a total of $250.00. *Id.*

## B.  Instant Motion

Ms. Bloodman now files a Motion for Reconsideration. ECF No. 83. In this Motion, Ms. Bloodman makes the following averments:

4.  In its written order of January 31, 2014, the Court apparently entered an order directing the undersigned to "turn over to the USA any and all discovery material previously provided her by the Government."

5.  The undersigned [Ms. Bloodman] did not receive notification of Jan 31, 2014 written Order, filed electronically, as the Court directed the Clerk of Court to remove the undersigned from the electronic filing system.

6. Thereafter, the Court entered a subsequent written order on February 20, 2014 directing that the discovery be "returned no later than 12:00 pm on Thursday, February 27, 2014". (Doc. No 51) However, again, the undersigned did not receive a copy of this order as her name was still removed from ECF filings. Further, the undersigned did not receive a copy of the orders by mail as indicated by the Court.

8. That the undersigned had no knowledge that the orders had been entered until receipt of an e-mail; from the Court's courtroom deputy on March 3, 2014; wherein she e-mailed 1) a copy of an Order entered Feb 20, 2014 and 2) a copy of an Order to Show Cause entered March 3, 2014.

12.  On March 3, 2014, after becoming aware of the Orders entered by the Court, the undersigned promptly caused delivery of the subject discovery to the AUSA by depositing the same on the next morning with Federal Express priority overnight mail and the same was ultimately delivered on March 6, 2014 at 1:10 p.m., with the delay attributed to inclement weather.

19.  To sanction the undersigned for on the one hand failing to comply with an order that the undersigned had not received and on the other hand failing to provide discovery "as soon as possible" is tantamount to imposing obligation upon the undersigned to comply with an order that did not specify a particular time which was apparently indexed in the Court's docket. For this Court to sanction the undersigned for not providing the discovery "as soon as possible", especially when a written order did not exist containing the language "as soon as possible", is vague and subject to different interpretations and can only be evaluated on a case by case basis considering the circumstances of the individual who is subject to the direction given by the court, but not entered as an Order. Even assuming that the Court is correct in its determination from its perspective that the discovery was not provided "as soon as possible", the undersigned presented testimony and evidence indicating that under the circumstances that she faced, discovery was provided "as soon as possible". A reasonable person can differ as to the meaning of "as soon as possible", especially considering the circumstances surrounding compliance with such an order which is vague and non-specific.

ECF No. 83 (Emphasis Added).

**C.  Discussion**

As stated on March 17, 2014, the Court conducted a Show Cause Hearing.  After hearing from Ms. Bloodman and taking her proffered reasons for her failure to comply with this Court's Orders at face value, the Court found that while she had violated the prior Orders of the Court, she had not acted in bad faith.  Particularly, Ms. Bloodman apologized and admitted to the Court she was aware of her obligations on January 31, 2014, but because of the proffered reasons had failed to comply with the Court's Order of that same date.  She also admitted she knew when she left the courtroom on January 31, 2014, she should return the discovery materials to the Government "as soon as possible."  She also admitted she failed to do so until she received the Show Cause Order

-6-

on March 3, 2014.  She further stated she did not intend to state in her two responses to the Show Cause Order that she was unaware of the Order on January 31, 2014.  She stated she in fact did know about the January 31, 2014 Order to return the discovery materials.

Ms. Bloodman now files a Motion for Reconsideration.  In this newest pleading she returns to her original position that she was entirely unaware of her obligation to return the discovery material as of January 31, 2014.  She asserts she never received a copy of the Court's January 31, 2014 Order, never received a copy of the Court's February 20, 2014 Order, and in fact was completely unaware of the Court prior verbal and written orders until March 3, 2014.  These assertions are patently false.  First, Ms. Bloodman was in Court and stated on the record on January 31, 2014, "I will return all of the relevant files to the US Attorney's Office . . ." if allowed to withdraw as counsel.  Then in response to a question from the Court inquiring if she had any questions regarding her withdrawal as counsel or her obligations to return the discovery materials she responded "No, your honor."

Further, Ms. Bloodman also clearly received the written Order entered by this Court on January 31, 2014 directing her to return the discovery materials.  An electronic delivery of this Order is shown to teresabloodman@yahoo.com on January 31, 2014 at 2:43 p.m.  ECF No. 49.  She also recieved a copy of the Court's February 20, 2014 Order directing her to return the discovery materials by February 27. 2014.  The Clerk of this Court physically mailed this Order to Ms. Bloodman at her last known mailing address.  At the show cause hearing on March 17, 2014, Ms. Bloodman admitted her mailing address had not changed.

She has now filed three separate pleadings, each stating she was wholly unaware of her Court Ordered obligations until March 3, 2014 at the earliest.  She affirmatively stated in a pleading filed

-7-

with the Court on March 4, 2014:

> "the undersigned was not privy to such order [the January 31 and February 20 Orders] as the same was not presented to her electronically or otherwise until an officer of the court forwarded the same via e-mail on March 3, 2014. . . That the undersigned was unaware of or unmindful of her actual obligation to return the discovery as indicated in the Court's order until the order was actually received."

ECF No. 54.  This statement, in a pleading filed by Ms. Bloodman with this Court, is not true.

On March 6, 2014, Ms. Bloodman filed a second pleading making the following assertions:

> That since the time the undersigned was withdrawn as counsel, the undersigned was unaware of this and any other orders [the January 31 and February 20 Orders] entered by the court, until receiving an email from the courtroom deputy on May 3, 2014.  Based upon information from Docket No. 49, the Clerk of Court was directed to remove the undersigned's name from electronic notification in this case.  And therefore, the undersigned did not receive any further filings.

ECF No. 63.  This statement, made in a written pleading filed with the Court, is not true.

Now, on March 28, 2014, Ms. Bloodman filed a third pleading with the Court regarding this matter again asserting she was unaware of the Court's Orders until she received the show cause order on March 3, 2014.  ECF No. 83.  This statement is not true as shown above.  All of these pleadings are shown to be false by the record in this case and by Ms. Bloodman's own statements at the hearing on January 31, 2014 and again at the show cause hearing on March 17, 2014.

On March 31, 2014, Ms. Bloodman filed a fourth pleading [Objections to Order Directing Payment of Costs Entered on March 18, 2014],  again stating: "That the Court disregarded without justification the fact that the undersigned had no notice that any written orders were entered given that the Court mandated that she be removed from the list of those person able to participate in electronic filings related to this case and the Order to Show Cause."  ECF No. 88.  This statement is also false as she clearly received the Court's January 31 written order in addition to actually being

in court when the undersigned ruled from the bench.

Finally, in what appears to be an effort to shift the blame for her own failings, Ms. Bloodman makes other allegations against both the Court, Government, or Defendant's new counsel.  In her Motion for Reconsideration,  Ms. Bloodman makes the following averments directed at other parties or the Court itself regarding the discovery at issue in this case:

> 10.  Based upon information and belief, the Court did appoint CJA <u>Mr. Henry who had not filed a motion for discovery and did not contact the undersigned in an effort to obtain the discovery.</u>
>
> 13.  While the AUSA represented to the Court that approximately two (2) hours was spent regarding discussing or communications concerning his efforts to provide discovery to Mr. Todd, Mr. Todd at that time had not been substituted as counsel and would not have been otherwise entitled to any discovery. The order substituting Mr. Todd was entered after the discovery was returned to the USA's office. <u>Therefore, whether the AUSA spoke to Mr. Todd concerning the existing discovery or whether he could have provided discovery is irrelevant and immaterial to whether the undersigned should be sanctioned.</u>
>
> 16.  That prior to the entry of the order permitting the undersigned to withdraw, <u>the undersigned filed a motion to compel discovery (Docket No. 31)</u> as the discovery provided consisted of roughly 17 pages of police report and FBI investigative sheets and 3 DVDs and because of the paucity of information, the discovery provided appeared to be in violation of the Pre-Trial Scheduling Order-Discovery and Inspection Order of the Court. (Docket No. 23)
>
> 17.  <u>Even though the Motion to Compel (Docket No. 31) was filed and a request for a hearing was made, this Court did not enter an Order requiring the government to provide the information or to show cause why it had not been provided.</u>
>
> 19.  To sanction the undersigned for on the one hand failing to comply with an order that the undersigned had not received and on the other hand failing to provide discovery "as soon as possible" is tantamount to imposing obligation upon the undersigned to comply with an order that did not specify a particular time which was apparently indexed in the Court's docket. For this Court to sanction the undersigned for not providing the discovery "as soon as possible", <u>especially when a written order did not exist containing the language "as soon as possible", is vague and subject to different interpretations and can only be evaluated on a case by case basis considering the circumstances of the individual who is subject to the direction given by the court,</u>

-9-

<u>but not entered as an Order</u>. Even assuming that the Court is correct in its determination from its perspective that the discovery was not provided "as soon as possible", the undersigned presented testimony and evidence indicating that under the circumstances that she faced, discovery was provided "as soon as possible". <u>A reasonable person can differ as to the meaning of "as soon as possible", especially considering the circumstances surrounding compliance with such an order which is vague and non-specific.</u>

ECF No. 83 (Emphasis Added).  As the foregoing shows, Ms. Bloodman, to this date, fails to acknowledge her own responsibility for complying with the Orders of this Court.  Rather, she seeks to divert the Court's attention to the conduct others or the Court itself in attempting to excuse her own false statements to the Court in this matter.

**D.  Conclusion**

One of a lawyer's highest obligations is to be truthful to the tribunal.  The rules of professional conduct mandate that no lawyer shall "make a false statement of fact or law to a tribunal." Rules of Prof. Conduct, Rule 3.3. Further, it is a violation of the Rules of Professional Conduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Rules of Prof. Conduct, Rule 8.4.  In this case Ms. Bloodman, has continued to deny she was aware of her Court ordered obligations, despite her own representations to the contrary in at least two different hearings.  She has been untruthful and dishonest with this Court.  She has attempted to shift the blame for her own failings to the Government or to the Court itself.  Despite her apology to the Court and her acknowledgment she was aware of her obligations on March 17, she has again denied any responsibility for failing to comply with those obligations.  She has again filed a pleading which contains a statement known by her to be false.

The Motion for Reconsideration filed herein by Ms. Teresa Bloodman (ECF No. 83) is **DENIED**.  Her Objections to Order Directing Payment of Costs (ECF No. 88) are considered herein

and are **OVERRULED**.  Ms. Bloodman is reminded of her obligation to pay $250.00 in attorney's fees to the United States Attorney's Office as previously ordered by the Court.  <u>Failure to comply with an Order of this Court may result in additional sanctions being imposed, including but not limited to a citation for Contempt of Court.</u>

      **DATED** this **3rd day of April 2014.**


                /s/ Barry A. Bryant
                HONORABLE BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE