IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                          CRIMINAL CASE NO. 4:13CR40021-001

LAQUAN DARELL HAYNES                                                        DEFENDANT

# ORDER

Before the Court is a Notice of Appeal and a Request for Review filed by Ms. Teresa Bloodman. ECF Nos. 89 and 98. In the filings, Ms. Bloodman asks the Court to review the decision of United States Magistrate Judge Barry A. Bryant and reverse and/or modify his previous Orders imposing sanctions against her in the form of costs of $250.00.

## BACKGROUND

On August 27, 2013, Ms. Teresa Bloodman became Defendant Laquan D. Haynes's attorney of record in the above styled and numbered criminal case. On January 28, 2014, Ms. Bloodman filed a Motion to Withdraw as counsel. The motion was referred to Magistrate Judge Barry Bryant pursuant to 28 U.S.C. 636(b)(1)(A).

On January 31, 2014, Judge Bryant held a hearing on the motion. At the hearing, Ms. Bloodman stated that if she was allowed to withdraw as Defendant's counsel she would return all discovery materials to the United States Attorney's Office. Judge Bryant granted the Motion to Withdraw and orally directed Ms. Bloodman to return all discovery materials to the Government. Judge Bryant then informed the parties that a written order would be entered that afternoon and he directed Ms. Bloodman to return all discovery materials to the Government *as soon as*

*possible* after the order was entered.  Later that day, Judge Bryant entered an Order stating "Ms. Bloodman is directed to turn over to the United States Attorney's Office any and all discovery material previously provided her by the Government." ECF No. 49. A copy of this Order was electronically delivered to Ms. Bloodman via the Court's CM/ECF system.

Twenty days elapsed without Ms. Bloodman returning the discovery materials to the United States Attorney's Office as ordered by the Court.  On February 20, 2014, Judge Bryant entered a second Order directing Ms. Bloodman to return all discovery materials no later than 12:00 p.m. February 27, 2014.  ECF No. 51.  In the Order, Ms. Bloodman was advised that failure to comply with the Order could result in a Show Cause Order being entered and sanctions being imposed against her.  Because Ms. Bloodman had been removed from the CM/ECF system as Mr. Haynes's attorney, the clerk's office physically mailed a copy of Judge Bryant's Order to Ms. Bloodman at her address on record with the Court.

Ten more days elapsed without Ms. Bloodman returning the discovery materials in question.  On March 3, 2014, Judge Bryant issued a Show Cause Order directing Ms. Bloodman to appear in Court on March 7, 2014 to show cause why sanctions should not be imposed for her failure to comply with the Court's February 20, 2014 Order.  ECF No. 53.  The Order, along with a copy of the February 20, 2014 Order, were emailed to Ms. Bloodman at her email address on record with the Court.

On March 4, 2014, Ms. Bloodman responded to the Court's Show Cause Order. ECF No. 54.  In her response, Ms. Bloodman stated that she was unaware of her obligation to return the discovery materials in question until March 3, 2014.  She stated that if she had known of the obligation to return the discovery materials, she would have done so promptly as contemplated

by the Court's Order. Ms. Bloodman then informed the Court that she was mailing the discovery in question to the United States Attorney's Office, via priority overnight mail and requested that the Show Cause Order be recalled by the Court. This request was denied by Judge Bryant on March 5, 2014. ECF No. 55. A copy of the Order was emailed to Ms. Bloodman at her email address on record with the Court.

Due to inclement weather, the discovery materials arrived at the United States Attorney's Office on March 6, 2014. On that same day, Ms Bloodman filed a Motion to Reconsider asking the Court to reconsider its Show Cause Order. ECF No. 63. She again stated that until May 3, 2014, she was unaware of any Court Order directing her to return the discovery material nor was she aware of a specific date for its return. The Court denied the Motion to Reconsider in regard to its Show Cause Order but rescheduled the hearing to allow Ms. Bloodman time to retain counsel if she so desired. ECF No. 65. A copy of this Order was emailed to Ms. Bloodman at her email address on record with the Court.

On March 17, 2014, Ms. Bloodman appeared before Judge Bryant for a hearing on the Court's Show Cause Order. At the hearing, Ms. Bloodman admitted to the Court that on January 31, 2014, the day she was allowed to withdraw as Mr. Haynes's counsel, she was aware of her obligation to return the discovery materials to the government *as soon as possible*. She then explained that she did not return the material *as soon as possible* because she had various health issues after the January 31 hearing. Ms. Bloodman stated that she never received the Court's February 20 Order even though the Clerk mailed her a copy of the Order at her address on record with the Court. She also apologized to the Court for not returning the material until after the Court's Show Cause Order.

3

On March 18, 2014, after considering Ms Bloodman's statements, Judge Bryant found that her failure to comply with the Court's Order was not done in bad faith but rather was the result of negligence and inattentiveness. He also found that as a result of her actions and inactions, the government had to expend attorney time unnecessarily in attending to this discovery matter. Ms. Bloodman was then ordered to pay costs to the Department of Justice in the amount of $250.00, which is the equivalent of 2 hours of attorney time at the CJA rate of $125.00 per hour. Ms. Bloodman was ordered to make this payment on or before 5:00 p.m. March 31, 2014. ECF No. 80. A copy of Judge Bryant's Order was emailed to Ms. Bloodman at her email address on record with the Court.

On March 28, 2014, Ms. Bloodman filed a Motion to Reconsider in which she asked the Court to reconsider and dismiss its March 18 Order. ECF No. 83. In support of this motion, Ms. Bloodman argued, *inter alia,* that she should not be sanctioned because she did not receive any of the Court's written Orders directing her to return the discovery materials to the United States Attorney's Office and, thus, did not know of her obligation to do so until March 3, 2014. On March 31, 2014, Ms. Bloodman filed Objections to the March 18, 2014 Order.[1] ECF No. 88.

On April 3, 2014, Judge Bryant denied the Motion to Reconsider and overruled the Objections to the March 18 Order. He also reminded Ms. Bloodman of her obligation to pay the $250.00 in costs to the United States Attorney's Office as previously ordered by the Court. ECF No. 91. A copy of this Order was electronically delivered to Ms. Bloodman via the Court's CM/ECF system.

---

[1] On March 31, 2014, Ms. Bloodman also filed the Notice of Appeal of the Magistrate Judge's Decision to District Court and Request for Review by District Judge from Order entered by Magistrate on March 18, 2014 (ECF No. 89) now pending before the Court.

On April 30, 2014, Ms. Bloodman filed a Request for Review by the District Judge of Judge Bryant's April 3, 2014 Order.  ECF No. 98.  In this request, Ms. Bloodman informed the Court that the sanctions of $250.00 ordered by Judge Bryant had been paid to the United States Attorney's Office.

On May 5, 2014, Ms. Bloodman filed a Notice of Appeal to the Eight Circuit Court of Appeals requesting review of Judge Bryant's April 3, 2014 Order.   On May 15, 2014, the appeal was dismissed for lack of jurisdiction.  The matter was returned to this Court on June 5, 2014. ECF. 106.

## DISCUSSION

Now pending before the Court is Ms. Bloodman's Appeal of Magistrate Judge's March 18, 2014 Order (ECF No. 89) and Request for Review of Magistrate Judge's April 3, 2014 Order (ECF No. 98).  In order to review these orders, the Court will review the audio recording of the January 31, 2014 and the March 17, 2014 hearings, along with all orders and documents filed with the Court.  The Court will review Judge Bryant's orders under an abuse of discretion standard.  In doing so, the Court will give substantial deference to Judge Bryant's ultimate decision because of his familiarity with the case, parties, and counsel.

A court has the inherent power to control any litigation before it and to preserve the integrity of the judicial process.  In order to perform these tasks the Court has the power to impose sanctions on both litigants and counsel as it deems necessary.  In this case, Ms. Bloodman did not comply with the Court's order in a timely manner.  She was ordered to return all discovery material to the United States Attorney's Office as soon as possible.  Ms. Bloodman did not do so until after the Court entered another order directing her to return all discovery and

entered an order directing her to appear in Court to show cause why sanctions should not be imposed for her failure to comply with the Court's orders.  As a result of the delay, Judge Bryant determined that the government had to expend two hours of attorney time in attending to this discovery matter.  He then imposed sanctions against Ms. Bloodman in the amount of $250.00.  The Court does not find this to be an abuse of Judge Bryant's inherent power to control the litigation before him and to preserve the integrity of the Court.  Accordingly, the sanctions against Ms. Teresa Bloodman in Judge Bryant's March 18, 2014 and his April 3, 2014 Orders are upheld**.**

      IT IS SO ORDERED, this 15th day of July, 2014.


          /s/Susan O. Hickey
      Susan O. Hickey
      United States District Judge